```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                    :
FREDERICK LAMONT BLUE,                              :
                                                    :        12 Civ. 5673 (PAE)
                         Plaintiff,                 :
           –v–                                      :        OPINION & ORDER
                                                    :
MACY'S HERALD SQUARE,                               :
                                                    :
                         Defendant.                 :
                                                    :
------------------------------------------------------------------------X
```

PAUL A. ENGELMAYER, District Judge:

Frederick Blue ("Blue"), proceeding *pro se*, brings this action against Macy's Herald Square[1] for alleged violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq*. Blue makes discriminatory termination, failure to promote, and retaliation claims, alleging discrimination on the basis of race and gender. Blue has also filed a motion to admit two tape recordings.

Macy's now moves, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss Blue's claims to the extent based on gender discrimination, and his failure to promote claim. Macy's also asks the Court to deny Blue's request to submit two tape recordings. For the following reasons, the Court (1) grants Macy's motion to dismiss, but does so without prejudice, giving leave to Blue to amend his Complaint, and (2) declines to receive the tape recordings at this time, and therefore denies Blue's motion, but without prejudice to Blue's right to rely on these recordings at later stages of the litigation.

---

[1] Defendant states that Blue incorrectly refers to it as "Macy's Herald Square," whereas the correct name is "Macy's Retail Holdings, Inc." For the remainder of this opinion, the Court refers to defendant as "Macy's."

**I.     Background**[2]

    **A.     Factual Allegations**

On January 19, 2012, Blue, who is African-American, was hired as a "Retail Vendor Specialist (Sales)" by Macy's. Compl. 8. Blue alleges that Macy's unlawfully fired him, failed to promote him, and retaliated against him, all on the basis of his race and gender, and that its acts of discrimination occurred on March 24 and 31, 2012. *Id.* at 2–3.

Specifically, Blue alleges that he was sent home twice "without merit." *Id.* at 3. The first incident, on March 24, 2012, involved a "Caucasian" Macy's security supervisor who allegedly mistook Blue for a customer and accused him of shoplifting. *Id.* at 9. Blue told the guard that he "was offended by his misidentification and/or his accusation." *Id.* Blue alleges that he was then sent home because his manager did not like the "tone" Blue had used with the guard. *Id.*

The second incident occurred on March 31, 2012, when Blue was speaking to another African-American sales associate. *Id.* at 9. While they were speaking, Blue alleges, a "Caucasian" manager told them to "break it up." *Id.* Blue states that he doesn't "believe [he] would have been spoken to in that manner if [he] were Caucasian." *Id.* Blue alleges that he was accused of arguing with the manager and later told to go home. *Id.*

---

[2] The Court's account of the facts is drawn from Blue's Complaint ("Compl.") (Dkt. 2) and Response to Defendant['s] Motion to Dismiss ("Pl. Br.") (Dkt. 22). *See Pahuja v. Am. Univ. of Antigua*, No. 11 Civ. 4607 (PAE), 2012 WL 6592116, at *1 (S.D.N.Y. Dec. 18, 2012) ("[B]ecause a *pro se* plaintiff's allegations must be construed liberally [when evaluating a motion to dismiss], it is appropriate for a court to consider factual allegations made in a *pro se* plaintiff's opposition papers, so long as the allegations are consistent with the complaint."). *Cf. Gill v. Mooney*, 824 F.2d 192, 195 (2d Cir.1987) (considering a *pro se* plaintiff's affidavit in opposition to a motion to dismiss in addition to the allegations in the complaint).

The other materials cited herein include the Memorandum of Law in Support of Defendant's Motion to Dismiss Plaintiff's Gender Discrimination and Failure to Promote Claims ("Def. Br.") (Dkt. 16) and the Reply Memorandum of Law in Further Support of Defendant's Motion to Dismiss Plaintiff's Gender Discrimination and Failure to Promote Claims and in Opposition to Plaintiff's Motion for Permission to Submit Tape Recordings ("Def. Reply Br.") (Dkt. 24).

On April 2, 2012—his next scheduled shift after March 31—Blue's manager told him to go home and not to return to work until he had spoken with Human Resources. *Id.* On April 5, 2012, Blue was terminated for "poor performance, allegedly because [he] reported to work when [he] was told not to report." *Id.* Blue states, however, that he was also told after his termination from the Herald Square location that he remained eligible to work "at any other Macy's." Pl. Br. 2.

Separately, Blue alleges, early in his employment, his co-workers called him names, such as "Miss Blue" or "Queenie." Compl. 8. Blue alleges that "these employees were behaving this way based on perceptions of males and females in the workplace and/or stereotypes." *Id.* Blue alleges that the name calling began after he reported suspicions of his co-workers stealing. Pl. Br. 1. However, after Blue told his co-workers that the "conduct was unwelcome," this behavior ceased. Compl. 8. Blue never reported the name-calling to management or Human Resources.[3] *Id.*

Finally, Blue alleges "he originally applied for a management position," but "was advised via e-mail that [he] did not meet the qualifications of the position," and was hired as a Retail Vendor Specialist instead. *Id.* He alleges that this was "despite previous management experience." *Id.*

---

[3] In his opposition to Macy's motion to dismiss, Blue stated that he told his manager about the name-calling. Pl. Br. 1. However, because "courts cannot read into *pro se* submissions claims that are not consistent with the *pro se* litigant's allegations," *Pahuja*, 2012 WL 6592116, at *1, the Court deems the statements in the Complaint to control. *See also Braxton v. Nichols*, No. 08 Civ. 08568 (PGG), 2010 WL 1010001, at *1 (S.D.N.Y. Mar. 18, 2010) ("[A]llegations made in a *pro se* plaintiff's memorandum of law, *where they are consistent with those in the complaint*, may also be considered on a motion to dismiss." (emphasis added)) (collecting cases); *Williams v. Koenigsmann*, No. 03 Civ. 5267 (SAS), 2004 WL 315279, at *1 n.1 (S.D.N.Y. Feb. 18, 2004) ("'The policy reasons favoring liberal construction of pro se pleadings warrant the Court's consideration of the allegations contained in plaintiff's memorandum of law, *at least where those allegations are consistent with the allegations in the complaint*.'" (emphasis added) (citing *Donahue v. U.S. Dep't of Justice*, 751 F. Supp. 45, 49 (S.D.N.Y. 1990))).

### B. Procedural History

On July 20, 2012, Blue filed his Complaint. Dkt. 2. Attached is a May 8, 2012 Charge of Discrimination filed with the New York State Division of Human Rights ("SDHR").[4] On January 29, 2013, Macy's moved to dismiss Blue's claims, to the extent based on gender discrimination, and his failure to promote claim. Dkt. 12–16. Macy's does not move to dismiss his retaliation claim or his other claims, to the extent based on racial discrimination. On April 17, 2013, Blue filed a brief opposing Macy's motion to dismiss, and a separate motion seeking permission to submit two tape recordings to the Court. Dkt. 22–23. On May 1, 2013, Macy's filed a reply brief. Dkt. 24.

## II. Applicable Legal Standard

To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege facts that, accepted as true, "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

---

[4] Both the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law §§ 290–297, and the New York City Human Rights Law ("NYCHRL"), N.Y. City Admin. Code §§ 8-101 to 8-103, contain an "election of remedies" provision that "require[s] dismissal of a suit in [state or federal] court if the complainant lodges a complaint with . . . the SDHR." *Higgins v. NYP Holdings, Inc.*, 836 F. Supp. 2d 182, 187 (S.D.N.Y. 2011); *see also Dunn v. City Univ. of New York*, No. 11 Civ. 8210 (PAE), 2012 WL 5511607, at *3 (S.D.N.Y. Nov. 14, 2012) ("'[A]ny person claiming to be aggrieved [under the NYCHRL] . . . shall have a cause of action in any court of competent jurisdiction . . . , unless such person has filed a complaint with the city commission on human rights or with the state division of human rights.'" (quoting N.Y. Admin. Code § 8–502(a)). However, because Blue has brought claims only under Title VII of the Civil Rights Act, *see* Compl. 1, his claims are not barred by his concurrent filing with the SDHR, and this Court retains jurisdiction.

A complaint is not required to provide "detailed factual allegations," but must assert "more than labels and conclusions" and more than "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S at 555. The facts pled "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id.* The Court must accept all factual allegations in the complaint as true, and draw all reasonable inferences in favor of the nonmoving party. *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007); *Burnette v. Carothers*, 192 F.3d 52, 56 (2d Cir. 1999).

Although the standard for dismissing a claim under Fed. R. Civ. P 12(b)(6) applies universally, "[*p*]*ro se* litigants generally are entitled to a liberal construction of their pleadings, which should be read 'to raise the strongest arguments that they suggest.'" *Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001) (quoting *Graham v. Henderson*, 89 F.3d 79, 75 (2d Cir. 1996)); *see also Pahuja*, 2012 WL 6592116, at *5 ("[A] court is 'obligated to construe a *pro se* complaint liberally.'" (quoting *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009)). Nonetheless, a court "should not hesitate to dismiss a *pro se* complaint if it fails altogether to satisfy the pleading standard." *Henry v. Davis*, No. 10 Civ. 7575 (PAC)(JLC), 2011 WL 3295986, at *2 n.5 (S.D.N.Y. 2011) (Report & Recommendation) (citing *Rodriguez v. Weprin*, 116 F.3d 62, 65 (2d Cir. 1997)). For a complaint "to survive a motion to dismiss, a *pro se* plaintiff must still plead sufficient facts to state a claim that is plausible on its face." *Pahuja*, 2012 WL 6592116, at *5 (internal quotations omitted).

## III. Discussion

### A. Title VII

Title VII makes it unlawful for an employer to "discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such

5

individual's race, color, religion, sex, or national origin; or . . . to limit, segregate or classify employees in any way which would deprive or tend to deprive any individual of employment opportunities, or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. §§ 2000e-2(a)(1)–(2). Blue claims that his rights under Title VII were violated when he was terminated and when he was not promoted, allegedly on account of both his race and gender, and also when he was retaliated against. Because Macy's has moved to dismiss only the gender discrimination and failure to promote claims, the Court addresses only these claims now.[5]

### 1. Blue's Claims Based on Gender Discrimination

"A prima facie case of discriminatory discharge requires a showing that (1) the plaintiff belongs to a protected class; (2) he was performing his duties satisfactorily; (3) he was discharged; and (4) his discharge occurred in circumstances giving rise to an inference of discrimination on the basis of his membership in that class." *Zacharowicz v. Nassau Health*

---

[5] In his response to Macy's motion to dismiss, Blue also appears to assert a whistle-blowing claim. Pl. Br. 1. However, whistle-blowing claims are not cognizable under Title VII. *See, e.g.*, *Kamrowski v. Morrison Mgmt. Specialist*, No. 05 Civ. 9234 (KMK), 2010 WL 3932354, at *20 (S.D.N.Y. Sept. 29, 2010) ("Title VII does not protect employees from retaliation for opposing misbehavior of co-workers or supervisors that is unrelated to discrimination on account of one of the protected classes."); *Santucci v. Veneman*, No. 01 Civ. 6644 (CBM), 2002 WL 31255115, at *3 (S.D.N.Y. Oct. 8, 2002) (collecting cases) ("Title VII does not, by itself, protect whistleblowers. . . . Indeed, a number of cases in the Southern District have followed the rather simple proposition that whistleblowing is not a cognizable 'protected activity' under Title VII." (citations omitted)); *Adeniji v. Admin. for Children Servs., NYC*, 43 F. Supp. 2d 407, 421 (S.D.N.Y. 1999) ("Title VII does not protect whistleblowers."), *aff'd*, 201 F.3d 430 (2d Cir. 1999).

In his Complaint, Blue states he "was chastised for contacting Security" about his suspicions that his co-workers were stealing. Compl. 9. Such conduct, however, is not protected by Title VII, because Blue's allegation of theft against his co-workers did not involve discrimination on the basis of race or gender. To the extent that Blue does assert a whistle-blowing claim, the Court therefore dismisses this claim. To the extent that Blue's claims concern retaliation on the basis of activity protected by Title VII, those claims survive, as Macy's has not moved to dismiss them.

*Care Corp.*, 177 F. App'x 152, 154 (2d Cir. 2006); *see also McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973); *Graham v. Long Island R.R.*, 230 F.3d 34, 38 (2d Cir. 2000); *Chertkova v. Conn. Gen. Life Ins. Co.*, 92 F.3d 81, 87 (2d Cir. 1996); *Chambers v. TRM Copy Ctrs. Corp.*, 43 F.3d 29, 37 (2d Cir. 1994).  "The *sine qua non* of a gender-based discriminatory action claim under Title VII is that 'the discrimination must be *because of* sex.'" *Patane v. Clark*, 508 F.3d 106, 112 (2d Cir. 2007) (emphasis in original) (quoting *Leibovitz v. N.Y.C. Transit Auth.*, 252 F.3d 179, 189 (2d Cir. 2001)).

However, to survive a motion to dismiss, a plaintiff need not specifically plead every element of a *prima facie* case.  *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508, 515 (2002); *Trachtenberg v. N.Y.C. Dep't of Educ.*, No. 12 Civ. 7964 (PAE), 2013 WL 1335651, at *3 (S.D.N.Y. Apr. 3, 2013); *Wilson v. N.Y.C. Dep't of Corr.*, No. 11 Civ. 9157 (PAE), 2013 WL 922824, at *4 (S.D.N.Y. Mar. 8, 2013); *Barbosa v. Continuum Health Partners, Inc.*, 716 F. Supp. 2d 210, 215 (S.D.N.Y. 2010).  Nevertheless, these elements "provide an outline of what is necessary to render a plaintiff's employment discrimination claims for relief plausible." *Kassman v. KPMG LLP*, No. 11 Civ. 3743 (JMF), 2013 WL 452913, at *4 (S.D.N.Y. Feb. 7, 2013) (quoting *Sommersett v. City of N.Y.*, No. 09 Civ. 5916 (LTS)(KNF), 2011 WL 2565301, at *5 (S.D.N.Y. June 28, 2011) (alterations omitted)).  Courts therefore "consider these elements in determining whether there is sufficient factual matter in the complaint which, if true, gives Defendant a fair notice of Plaintiff's claim and the grounds on which it rests." *Murphy v. Suffolk Cnty. Cmty. Coll.*, No. 10 Civ. 0251 (LDW)(AKT), 2011 WL 5976082, at *5 (E.D.N.Y. Nov. 29, 2011).  A claim is properly dismissed where the plaintiff "fail[s] to plead any facts that would create an inference that any adverse action taken by . . . [any] defendant was based upon [a

7

protected characteristic of the plaintiff.]" *Patane*, 508 F.3d at 112 (citation omitted) (first two alterations in original).

Blue does not sufficiently state a claim for gender discrimination. Blue discusses his gender only in the context of describing the alleged name-calling by his co-workers: "I believe that these employees were behaving this way [*i.e.*, calling him "Miss Blue" or "Queenie"] based on perceptions of males and females in the workplace and/or stereotypes." Compl. 8. However, he nowhere alleges that an adverse employment decision was made as a result of these allegedly discriminatory remarks, or, indeed, that these remarks had anything to do with his employer's adverse actions towards him. Moreover, Blue himself acknowledges that his co-workers' name-calling ceased after he asked them to stop, and that he "did not report the conduct to management or Human Resources." [6] *Id.* Notably, Blue does not mention his gender anywhere else in his Complaint or his opposition papers, let alone explain how he was ever discriminated against because of it. Blue thus fails to provide "more than labels and conclusions," and does not allege facts "to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Twombly*, 550 U.S at 555. His claims based on gender discrimination must, therefore, be dismissed.

### 2. Blue's Title VII Failure to Promote Claim

"In order to establish a prima facie case of a discriminatory failure to promote, a Title VII plaintiff ordinarily must demonstrate that: (1) [he] is a member of a protected class; (2) [he] applied and was qualified for a job for which the employer was seeking applicants; (3) [he] was

---

[6] For this reason, even if Blue's claims were construed as claims not of gender discrimination but that a hostile work environment resulted from these remarks, his claim would still fail. *See Rojas v. Roman Catholic Diocese of Rochester*, 660 F.3d 98, 107 (2d Cir. 2011) ("When harassment is perpetrated by the plaintiff's coworkers, an employer will be liable if the plaintiff demonstrates that the employer either provided no reasonable avenue for complaint or knew of the harassment but did nothing about it." (internal quotations omitted)).

rejected for the position; and (4) the position remained open and the employer continued to seek applicants having the plaintiff's qualifications." *Estate of Hamilton v. City of N.Y.*, 627 F.3d 50, 55 (2d Cir. 2010) (citation omitted).

Blue falls far short of making the required allegations. The only statement in his Complaint that refers to a sought-after job position is that "he originally applied for a management position," but "was advised via e-mail that [he] did not meet the qualifications of the position . . . despite previous management experience." Compl. 8. He was hired instead as a Retail Vendor Specialist. A failure to promote claim, however, "generally . . . require[s] a plaintiff to allege that she or he applied for a specific position or positions and was rejected therefrom, rather than merely asserting that on several occasions she or he generally requested promotion." *Brown v. Coach Stores, Inc.*, 163 F.3d 706, 710 (2d Cir. 1998). Here, Blue fails even to allege that he applied for a promotion while at Macy's, much less that a promotion for which he was qualified was discriminatorily denied to him or that the position remained open thereafter. This claim is, therefore, dismissed.

### B. Motion for Permission to Submit Tape Recordings

As noted, Blue separately seeks permission to submit to the Court two tape recordings. These are, he represents, of: (1) a conversation with his Union Representative and (2) his exit interview with Maria Taylor from Macy's Human Resources Department. These materials, however, are not cognizable on a motion to dismiss. It is well-settled that on a motion to dismiss, the Court "'must confine its consideration to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken.'" *Baldwin v. LIJ N. Shore Health Sys.*, 392 F. Supp. 2d 479, 482 (E.D.N.Y. 2005) (quoting *Tarshis v. Riese Org.*, 211 F.3d 30, 39 (2d Cir.

2000), *abrogated on other grounds by Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002)). Although where a plaintiff is proceeding *pro se*, the Court may consider factual averments in plaintiff's memorandum of law, *see supra* note 2, it may not consider additional evidence submitted by the parties without converting the motion to one for summary judgment. *See Friedl v. City of N.Y.*, 210 F.3d 79, 83 (2d Cir. 2000) ("[W]hen matters outside the pleadings are presented in response to a 12(b)(6) motion, a district court must either exclude the additional material and decide the motion on the complaint alone or convert the motion to one for summary judgment under Fed. R. Civ. P. 56 and afford all parties the opportunity to present supporting material." (citation omitted)).

Blue's motion is, accordingly, denied. This ruling does not, of course, preclude Blue from relying on these materials at later stages of the case (*e.g.*, at summary judgment).

## CONCLUSION

For the foregoing reasons, the Court grants Macy's motion to dismiss, without prejudice, Blue's gender discrimination and failure to promote claims. The Court also dismisses without prejudice Blue's request to submit the two tape recordings.

If Blue wishes to amend his Complaint, he must do so within 30 days. If Blue does not amend his Complaint, the parties are further directed to confer with each other and to prepare a Civil Case Management Plan and Scheduling Order in accordance with this Court's Individual Rules and consistent with this decision. Macy's counsel is directed to initiate communication with Blue to create the joint Case Management Plan and Scheduling Order and, upon such agreement, to furnish it to the Court within 14 days.

If Blue does amend his Complaint, Macy's has 14 days to file a motion to dismiss or an answer. If Macy's files an answer, it must submit a Civil Case Management Plan, as detailed

above, within one week of filing that answer. Macy's counsel is also directed to serve Blue with a copy of this Opinion and Order forthwith, and thereafter to enter an affidavit of service on ECF.

SO ORDERED.

*Paul A. Engelmayer*
Paul A. Engelmayer
United States District Judge

Dated: July 16, 2013
       New York, New York